**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

B.L., a minor child, through
MICHELLE LAX, et al.,

          **Plaintiffs,**

          **v.**

DISTRICT OF COLUMBIA, et al.,

          **Defendants.**

---

      **Civil Action 04-01940 (HHK)**

**MEMORANDUM OPINION AND ORDER**

This suit has been brought by minor children[1] through their parents and next friends

against the District of Columbia and the District of Columbia Public Schools ("DCPS") for

reimbursement of attorneys' fees and costs incurred in pursuing administrative complaints

against DCPS under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400

*et seq.*[2]  Before the court is plaintiffs' motion for attorneys' fees and costs [#37].  Upon

consideration of plaintiffs' motion, the opposition thereto, and the record of the case, the court

concludes that the motion must be granted in part and denied in part.

---

[1] The court has altered the caption from that adopted by the parties and reminds counsel
of their responsibility to adhere to the privacy requirements regarding minors set forth in the
E-Government Act of 2002,  Pub. L. 107-347, 116 Stat. 2899 (Dec. 17, 2002), as implemented
by this court's Notice Regarding Privacy and Public Access to Electronic Civil Case Files,
http://www.dcd.uscourts.gov/civil-privacy.pdf.

[2] The statute was re-authorized by and recodified as the Individuals With Disabilities
Education Improvement Act when it was amended in 2004.  Individuals With Disabilities
Education Improvement Act of 2004, Pub. L. No. 108-446, 118 Stat. 2647 (2004).  For the sake
of continuity, however, the court will continue to refer to it as the IDEA.

# I.  BACKGROUND

Having previously granted partial summary judgment in favor of plaintiffs, the court must now assess this "fees-on-fees" motion and determine how much compensation to award plaintiffs for their attorneys' fees and costs incurred in their efforts in the present litigation.  Defendants only challenge the motion in part, arguing that (1) their liability for reimbursement is limited by a statutory bar on payment of IDEA-related attorneys' fees, and that (2) plaintiffs' fees should be discounted because plaintiffs rejected an offer of judgment under Federal Rule of Civil Procedure 68.

The court has already addressed and rejected the first argument in its prior order.  *See* Mem. Op., July 12, 2006, at 5 n.8.  While the statute prohibits payment in excess of the enumerated cap, the court's ability to award fees is not limited thereby.  *Ibid.*; *see also Jester v. District of Columbia*, 474 F.3d 820, 2007 WL 148830, at *2 (D.C. Cir. Jan. 23, 2007) (vacating a district court order requiring the District of Columbia to pay attorneys' fees in excess of $4,000 and stating that "[i]n *Calloway v. District of Columbia* . . . we held that the district court may award the full amount of attorney's fees, but the District cannot pay a fee award beyond the limit set by the cap").  The court agrees in part with the second argument.

## A.    Statutory Background

Rule 68 provides, in pertinent part:

> At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued.  An offer not accepted [within 10 days] shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs.  If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.

Fed. R. Civ. P. 68.  Thus, a party who fails to accept an offer of judgment within ten days and thereafter recovers a less favorable result may not recover her own post-offer costs (including attorneys' fees), even where they would otherwise be available, and also must pay the offeror's post-offer costs.  *See Marek v. Chesny*, 473 U.S. 1, 10 (1985) (holding that plaintiffs who reject Rule 68 offers equal to or greater than the amounts they eventually are awarded may not recover post-offer costs); *see also Lang v. Gates*, 36 F.3d 73, 76 (9th Cir. 1994) ("judgment[s] finally obtained" include dismissals pursuant to settlement agreements).

Application of Rule 68 in this context is not straightforward, however, because the award of fees in IDEA cases is governed by the IDEA itself.  The IDEA provides that fees "may not be awarded and related costs may not be reimbursed . . . for services performed subsequent to" the submission of the offer where (1) defendants have submitted a "written offer of settlement to a parent"; (2) the offer is made within the time limits set forth in Rule 68; (3) the offer is not accepted within ten days; and (4) "the relief finally obtained by the parents is not more favorable to the parents than the offer of settlement."  20 U.S.C. § 1415(i)(3)(D)(i) ("§ (D)(i)").[3]  As is obvious, these limitations essentially incorporate most of the elements of Rule 68 and expand their application to all offers of settlement in IDEA cases.[4]  There are two important wrinkles, however, in the IDEA: first, the statute does not explicitly incorporate Rule 68's imposition of the offeror's post-offer costs on offerees to whom the rule applies; second, a prevailing parent to

---

[3] This provision was in force at the time of the events relevant here and was not, for purposes of the present dispute, materially altered by the 2004 amendments to the fee-shifting provisions of the IDEA.

[4] Offers of judgment, which by definition are "offer[s] of settlement," necessarily fall within the scope of § 1415(i)(3).

whom § (D)(i) otherwise applies may nonetheless recover fees and costs if she was "substantially justified in rejecting the settlement offer." *Id.* § 1415(i)(3)(E) ("§ (E)").  All these determinations, which the parties have entirely failed to address, are mandatory, and the court enjoys no discretion regarding them.

**B.     Factual Background**

Defendants submitted an offer of judgment on January 14, 2005, as to all thirty-eight plaintiffs in this suit.  Defs.' Opp'n Ex. 1 (Taptich Ltr. to Eig) ("Offer").  As to ten of the plaintiffs, defendants offered to pay all of the claimed attorneys' fees and expenses, in addition to "reasonable attorneys' fees and costs accrued" in the present action as of the date of the offer. *Ibid.*  Defendants also offered to pay for a portion of some of the plaintiffs' individual expert fees. *Ibid.*

Though the parties' briefs do not make the ensuing events crystal clear, it appears that none of the ten plaintiffs accepted this offer within ten days.[5]  The offers were accepted as to two plaintiffs (M.B. and R.S.) apparently after the expiration of the ten days, and defendants rendered payment in full (i.e., paid what was offered in the letter), apparently also after the ten days, as to six other plaintiffs (C.D., Y.K., J.K. (as to one claim), B.R., A.S., and K.S.).[6]  Another plaintiff (F.M.) was offered $100 in expert costs and recovered $0.  The last of the ten plaintiffs (A.B.)

---

[5] The date of expiration in this instance was January 31, 2005.  *See* Fed. R. Civ. P. 6(a).

[6] There are two minor plaintiffs whose initials are A.S.  The child referred to here is the one whose parents and next friends are Andrew Schoenbach and Daryl Kade.

received via settlement payment all her claimed expenses and fees but did not receive the $100 in

expert costs she had sought.  Defs.' Opp'n at 3; Pls.' Reply at 4–5.[7]

## II.  ANALYSIS

### A.    Substantial Justification

As there is no apparent dispute that the offer was timely made and not timely accepted,

the court must make two remaining determinations as to each plaintiff:  (1) whether "the relief

finally obtained by the parents is not more favorable to the parents than the offer of settlement";

and (2) if so, whether the parents were "substantially justified" in rejecting the offer.  *See* §§

(D)(i), (E).  The court answers the first question in the affirmative.  None of the plaintiffs

recovered relief that was more favorable than what was offered.  As to the second question, the

court determines that two plaintiffs, F.M. and A.B., were substantially justified in rejecting the

settlement terms, which offered only a small percentage of their claimed expert costs.  Though

such costs were eventually disallowed by the United States Supreme Court, *see Arlington*

*Central Sch. Dist. Bd. of Educ. v. Murphy*, 548 U.S. __, 126 S. Ct. 2455 (2006) (holding that "the

terms of the IDEA overwhelmingly support the conclusion that prevailing parents may not

recover the costs of experts or consultants"), at the time when plaintiffs rejected the partial offers,

it was by no means settled law that expert costs could not be recovered, *see Goldring v. District*

*of Columbia*, 416 F.3d 70, 71–73 (D.C. Cir. 2005) (discussing split authority on the question and

holding that expert costs are not recoverable); *see also* H.R. Conf. Rep. No. 99-687, at 6 (1986)

("Substantial justification for rejection would include relevant pending court decisions which

---

[7] There are two minor plaintiffs whose initials are A.B.  The child referred to here is the
one whose parents and next friends are Mitchell and Marianna Barlow.

5

could have an impact on the case in question."). The remaining plaintiffs' rejections were not substantially justified.[8]

## B.     Defendants' Post-Offer Costs

Defendants also argue that pursuant to Rule 68, plaintiffs "must pay the costs incurred [by defendants] after the making of the offer," since the relief "finally obtained by the offeree[s] is not more favorable than the offer." Fed. R. Civ. P. 68. This argument presupposes, however, that in the IDEA context, Rule 68 has not been altered by the fee-shifting provisions of § 1415. As we have seen, that is not the case, since the IDEA allows fees to be awarded where Rule 68 prohibits them. *Compare* § (E) (allowing awards of post-offer fees and costs where a parent "was substantially justified in rejecting the settlement offer") *with* Fed. R. Civ. P. 68; *see also Marek*, 473 U.S. at 10 (stating that plaintiffs who reject Rule 68 offers equal to or greater than the amounts they eventually are awarded may not recover post-offer costs). The court must therefore determine whether and how the IDEA modifies Rule 68's imposition of an offeror's post-offer costs upon an offeree.

Here, there are two categories of plaintiffs: the two plaintiffs who justifiably rejected the offer, and the eight whose rejections were not justified. As to the former, the court concludes that the IDEA preempts Rule 68. Because these plaintiffs are entitled to recover post-offer fees, the imposition of a Rule 68 obligation to pay defendants' costs would be a *de facto* reduction of

_____

[8] Technically, these plaintiffs did not reject the offer, but apparently failed to timely respond. This distinction is immaterial to the statute, however. The default position is that if a parent fails to accept an offer within ten days and then fails to obtain relief more valuable than what was offered, the statutory bar to collecting further fees applies. Only when a parent is "substantially justified in rejecting the settlement offer" does the exception in § (E) remove the bar.

the fees awarded.  And the IDEA specifically limits when such reductions can take place.

Specifically, the Act requires the court to reduce the award when it finds that the parents

"unreasonably protracted the resolution of the controversy."  20 U.S.C. § 1415(i)(3)(F)(i).[9]  The

court finds that the two plaintiffs here did not do so.  Their fee awards, therefore, will not be

reduced.

The other eight plaintiffs present a more difficult question.[10]  As noted above, the IDEA is

silent regarding agency post-offer costs.  Given the comprehensiveness and complexity of the

statute's fee-shifting provisions, the statute's silence is arguably telling.  *See Northwest Airlines,*

*Inc. v. Transp. Workers Union of Am., AFL-CIO*, 451 U.S. 77, 97 (1981) ("The presumption that

a remedy was deliberately omitted from a statute is strongest when Congress has enacted a

comprehensive legislative scheme including an integrated system of procedures for

enforcement. . . .  The judiciary may not, in the face of such comprehensive legislative schemes,

fashion new remedies that might upset carefully considered legislative programs."); *see also*

*Chevron U.S.A. Inc. v. Echazabal*, 536 U.S. 73, 81 (2002) (discussing the maxim *expressio unius*

*est exclusio alterius*).  On the other hand, when Congress enacts legislation, it does so against a

backdrop of existing law, and courts should not lightly presume an intent to alter a Federal Rule

of Civil Procedure where such an intent is not explicit.

---

[9] The Act sets forth other circumstances justifying a reduction of the award, but these circumstances are not relevant here.  20 U.S.C. § 1415(i)(3)(F)(ii)–(iv).  Additionally, the Act states that fee reductions "shall not apply" where the government "unreasonably protracted the final resolution of the action or proceeding or [where] there was a violation of the section." *Id.* § 1415(i)(3)(G).  This provision is also not implicated here.

[10] Because these plaintiffs are not entitled to their fees, the fee-reduction provisions do not apply to them.  Accordingly, the provisions' preemptive effect on Rule 68 does not apply, either, and the court must look elsewhere for guidance.

The court concludes that the IDEA's fee-shifting provisions preempt Rule 68's imposition of post-offer costs.  First, the complexity and comprehensiveness of these provisions suggest that Congress meant for the scheme it enacted to be exclusive.  Second, that scheme explicitly incorporates some aspects of Rule 68, but not the Rule's imposition of post-offer costs, giving rise to an inference that such costs were deliberately omitted.  Third, the legislative history contains lengthy discussions of what costs plaintiffs may recover or be denied but makes no mention of plaintiffs having to compensate offerors for their costs.  *See* S. Rep. No. 99-112, at 13–14 (1985); H. Rep. No. 99-296, at 5–8, 12, 15–18 (1985); 131 Cong. Rec. 16, 21,387–93 (1985); 132 Cong. Rec. 12, 16,823–25, 17,599–600 (1986).  While "[d]rawing inferences as to congressional intent from silence in legislative history is always a precarious business," *Avco Corp. v. U.S. Dep't of Justice*, 884 F.2d 621, 625 (D.C. Cir. 1989), when viewed in context, the silence here gives rise to an inference, however slight, of intended exclusion.  Finally, the IDEA's mandate regarding how its terms should be construed implies a general preference for reading the statute in favor of plaintiffs.  20 U.S.C. § 1415(*l*) ("Nothing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies available under . . . laws protecting the rights of children with disabilities . . . .").  For all these reasons, the court determines that the IDEA preempts Rule 68's imposition of post-offer costs on plaintiff offerees who, pursuant to § (D)(i) and § (E) of the fee-shifting statute, may not recover their own post-offer fees and costs.  Accordingly, defendants may not collect their post-offer costs from the eight plaintiffs here.

D.      Calculation

Plaintiffs move for an award of $26,149.20.  The court first subtracts from this amount

$333.33 in fees which the parties agree have already been paid regarding M.B. and R.S.   In

addition, the court must subtract from this amount the post-offer fees for work performed related

to the aforementioned eight plaintiffs.  These fees may be determined by (1) calculating the fees

claimed during the periods between the date the offer (January 14, 2005) and the date(s) on

which the parties moved for dismissal/judgment, and (2) reducing the fees from that period by

the approximate percentage of fees that can be attributed to the plaintiffs in question.[11]  In

making this determination, the court is able to discern from the billing statements that, in some

instances, the fees related only to the eight plaintiffs in question.  Pls.' Exs. 1, 2.  These fees are

excluded in their entirety.  In one instance, the fees were obviously unrelated to these plaintiffs,

and the court makes no reduction.  As to the rest, the court approximates the reduction using a

fraction of 2/9 (8 plaintiffs/36 total plaintiffs).  The court's calculations are as follows:

**IDEA Fee Reductions**

| Name | Date | Billable | % Reduction | Reduction |
|------|------|----------|-------------|-----------|
| HI | 17-Jan | $300.00 | -22.22% | -$66.67 |
| ME | 17-Jan | $140.00 | -22.22% | -$31.11 |
| PR | 19-Jan | $500.00 | -22.22% | -$111.11 |
| HI | 20-Jan | $187.50 | -22.22% | -$41.67 |
| HI | 20-Jan | $375.00 | -22.22% | -$83.33 |
| PR | 20-Jan | $1,000.00 | -22.22% | -$222.22 |
| DS | 21-Jan | $150.00 | -22.22% | -$33.33 |
| PR | 21-Jan | $1,250.00 | -22.22% | -$277.78 |
| PR | 21-Jan | $250.00 | -22.22% | -$55.56 |
| ME | 24-Jan | $140.00 | -22.22% | -$31.11 |
| PR | 24-Jan | $250.00 | -22.22% | -$55.56 |

_____

[11] As to two of these plaintiffs, the parties moved for a consent judgment on February 17,
2005.  As to the remaining six, the parties moved for leave to dismiss on February 25, 2005.

9

| PR | 24-Jan | $500.00 | -22.22% | -$111.11 |
|---|---|---|---|---|
| HI | 26-Jan | $187.50 | -22.22% | -$41.67 |
| PR | 26-Jan | $300.00 | -22.22% | -$66.67 |
| HI | 27-Jan | $50.00 | -22.22% | -$11.11 |
| ME | 27-Jan | $350.00 | -22.22% | -$77.78 |
| ME | 27-Jan | $175.00 | -22.22% | -$38.89 |
| PJ | 27-Jan | $30.00 | 0.00% | $0.00 |
| PR | 27-Jan | $375.00 | -22.22% | -$83.33 |
| HI | 09-Feb | $100.00 | -22.22% | -$22.22 |
| HI | 11-Feb | $125.00 | -100.00% | -$125.00 |
| HI | 11-Feb | $150.00 | -100.00% | -$150.00 |
| ME | 11-Feb | $70.00 | -100.00% | -$70.00 |
| PJ | 11-Feb | $150.00 | -100.00% | -$150.00 |
| HI | 17-Feb | $350.00 | -100.00% | -$350.00 |
| ME | 17-Feb | $105.00 | -100.00% | -$105.00 |
| PJ | 23-Feb | $75.00 | -100.00% | -$75.00 |
| PJ | 23-Feb | $195.00 | -100.00% | -$195.00 |
| HI | 25-Feb | $325.00 | -100.00% | -$325.00 |
| ME | 25-Feb | $140.00 | -100.00% | -$140.00 |
| PJ | 25-Feb | $45.00 | -100.00% | -$45.00 |
| HI | 03-Mar | $50.00 | -100.00% | -$50.00 |
| HI | 03-Mar | $50.00 | -100.00% | -$50.00 |
| PJ | 14-Mar | $45.00 | -100.00% | -$45.00 |
| (Costs) | All | $2.62 | -22.22% | -$0.58 |

| | | | Total Reduction: | -$3,337.80 |
|---|---|---|---|---|

Accordingly, the court reduces the requested award by $3,671.13 ($3,337.80 + $333.33) to $22,478.07.

## E.     Payment

Defendants shall pay plaintiffs' counsel that much of the award as is permitted by the Appropriations Act, i.e., up to $4,000 per student, individually inclusive as to all prior payments to each.[12]  Each plaintiff shall recover only her apportioned share (calculated at a fraction of 1/36

---

[12] Plaintiffs' law firm has joined a number of separate and distinct attorneys' fees actions in one suit.  Although "[m]isjoinder of parties is not ground for dismissal of an action," Fed. R.

prior to February 17, 2005, 1/34 between February 17 and 25, 2005, and 1/28 thereafter) of any

fees awarded, with the eight aforementioned plaintiffs recovering only their share of pre-offer

fees.  Thus, each plaintiff shall recover $164.86 for fees prior to the Rule 68 offer ($5,935/36);

each plaintiff not among the eight discussed above shall recover $182.78 for divisible fees after

the offer but before the eight plaintiffs were dismissed ($6,580/36); and each plaintiff not among

the eight discussed above shall recover $388.39 for fees after the eight were dismissed

($10,875/28).  In other words, each of the eight shall recover $164.86, up to the cap, and each

remaining plaintiff shall recover $736.03, up to the cap.[13]  Costs, which are not subject to the cap,

are awarded in total, minus $0.58 ($848.62).

       **SO ORDERED** this 9th day of April, 2007.


                                    Henry H. Kennedy, Jr.
                                    United States District Judge

---

Civ. P. 21 and although it does not affect the court's analysis on any motions in this case,
plaintiffs' claims do not appear to meet the requirements governing permissive joinder, Fed. R.
Civ. P. 20.  Because defendants have at no point moved for severance, however, the court does
not reach the issue.  *See Hussain v. TCF Bank*, 2004 WL 1470282 (N.D. Ill. June 30, 2004).

[13] Plaintiffs A.F. and O.B. shall recover (for the $30 bill of January 27, 2005, attributable
solely to their claims) an additional $15 each, subject to the cap.  Plaintiffs M.B. and R.S., having
already been compensated for their shares of the fees, shall not recover.